# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2012

Lyle W. Cayce
Clerk

No. 12-50010
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CURTIS RAY DRIVER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-211-1

Before SMITH, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Curtis Ray Driver, federal prisoner # 56794-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking modification of his 38-month sentence for possession with the intent to distribute crack cocaine. Driver sought a modification of his sentence based on Amendment 750 to the Sentencing Guidelines. By moving to proceed IFP, Driver is challenging the district court's certification decision that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Driver argues that the district court erred in denying his § 3582(c)(2) motion because the district court determined that he posed no danger to society when the court granted his prior § 3582(c)(2) motion and that the court is bound by this determination. He also contends that the district court's determination that he poses a danger to society is clearly erroneous and further asserts that the district court failed to consider the § 3553(a) factors.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). In determining whether to reduce a sentence, the district court first determines whether the defendant is eligible for a reduction and the extent of the reduction authorized. *Dillon,* 130 S. Ct. 2683, 2691 (2010). Next, the court must consider any applicable § 3553(a) factors and determine whether a reduction is warranted in whole are in part under the circumstances. *Id.* at 2692.

The district court was not under any obligation to reduce Driver's sentence at all. *See Evans*, 587 F.3d at 673. In the instant case, the record shows that the district court gave due consideration to the motion as a whole and considered the § 3553(a) factors; thus, there is no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Driver has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.